Page 1 of 5

UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

NATHANIEL O'NEAL,
    Plaintiff,

vs.                                                       Case No.: 3:21cv685/LAC/EMT

SHAUNDERRICK M. GREENE, et al.,
    Defendants.
_____/

## REPORT AND RECOMMENDATION

This prisoner civil rights case is before the court on Plaintiff's Motion for Temporary Restraining Order (TRO) (ECF No. 11). Defendants Greene, Alligood, Manners, O'Neal, and Neel responded in opposition to the motion (ECF No. 48).

The case was referred to the undersigned for the issuance of all preliminary orders and any recommendations to the district court regarding dispositive matters and motions for injunctive relief. *See* N.D. Fla. Loc. R. 72.2(C); *see also* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). For the reasons set forth below, the undersigned recommends that Plaintiff's motion for TRO be denied.

I.    BACKGROUND

Plaintiff is an inmate of the Florida Department of Corrections (FDOC). He was housed at Santa Rosa Correctional Institution when he commenced this case (*see* ECF No. 1), but he was transferred to Holmes Correctional Institution on

December 6, 2021 (*see* ECF No. 47 (Plaintiff's notice of change of address); ECF No. 48-1 (inmate movement/transfer history)). Plaintiff's Amended Complaint (the operative pleading) names members of the correctional and medical staff Santa Rosa C.I. as Defendants and concerns events that occurred at that institution (*see* ECF No. 10). Plaintiff's motion for TRO seeks an order enjoining Defendant Shaunderrick Greene, a sergeant at Santa Rosa C.I., from having contact with him (*see* ECF No. 11).

Defendants Greene, Alligood, Manners, O'Neal, and Neel contend Plaintiff's motion for TRO and alleged need for protection from Defendant Greene has been rendered moot by Plaintiff's transfer from Santa Rosa C.I. to Holmes C.I. (*see* ECF No. 48). Defendants contend the prospect that either Plaintiff will be transferred back to Santa Rosa C.I., or that Defendant Greene's employment will be reassigned to Holmes C.I. while Plaintiff is housed there, is purely speculative and thus insufficient to demonstrate he will suffer irreparable injury if the TRO is not granted (*id.*).

II.   DISCUSSION

To establish entitlement to a preliminary injunction, a movant must demonstrate:

(1) a substantial likelihood of success on the merits of the underlying claim;

(2) a substantial likelihood of suffering irreparable injury if the injunction is not granted;

(3) that the threatened injury to the plaintiff outweighs any injury the nonmovant might suffer from the injunction; and

(4) the injunction would not disserve the public interest.

*Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008); *In re Gateway Radiology Consultants, P.A.*, 983 F.3d 1239, 1254 (11th Cir. 2020). "A preliminary injunction is an extraordinary and drastic remedy not to be granted unless the movant clearly establishes the burden of persuasion as to the four requisites." *All Care Nursing Serv., Inc. v. Bethesda Mem'l Hosp., Inc.*, 887 F.2d 1535, 1537 (11th Cir. 1989); *Bloedorn v. Grubs*, 631 F.3d 1218, 1229 (11th Cir. 2011) (emphasizing that a temporary restraining order or "preliminary injunction in advance of trial is an extraordinary remedy").

Because Plaintiff is no longer confined at Santa Rosa C.I., his allegations fail to establish a substantial threat of irreparable injury if the temporary restraining order/injunction is not granted. Plaintiff therefore fails to meet the prerequisites for injunctive relief. *See Sampson v. Murray*, 415 U.S. 61, 88 (1974) ("The basis of injunctive relief in the federal courts has always been irreparable harm and

inadequacy of legal remedies."); *Northeastern Fla. Chapter of Ass'n of Gen. Contractors of Am. v. City of Jacksonville, Fla.*, 896 F.2d 1283, 1285 (11th Cir. 1990) (holding that to establish the irreparable injury requirement, plaintiff must show that the threat of injury to him is neither remote nor speculative, but actual and imminent) (citation omitted).

Additionally, because Plaintiff is no longer confined at Santa Rosa C.I., an order from this court enjoining Defendant Greene from having contact with Plaintiff could not have any effect on him. Further, the narrow exception for cases that are capable of repetition yet evading review does not apply because there appears no reason to believe that Plaintiff will again be confined at Santa Rosa C.I. under the same circumstances, or that Defendant Greene will be reassigned to Plaintiff's current institution, Holmes C.I. Therefore, Plaintiff's request for injunctive relief is moot. *See Spears v. Thigpen*, 846 F.2d 1327, 1328 (11th Cir. 1988) (holding that inmate's claims regarding treatment at facility at which inmate was no longer incarcerated were moot); *Wahl v. McIver*, 773 F.2d 1169, 1173 (11th Cir. 1985) (holding that inmate's transfer from county jail mooted claim for injunctive relief against county jailers); *McKinnon v. Talladega Cnty. Ala.*, 745 F.2d 1360 (11th Cir. 1984) (holding that inmate's transfer to a different jail mooted claim for declaratory and injunctive relief).

Case No.: 3:21cv685/LAC/EMT

Accordingly, it is respectfully **RECOMMENDED**:

Plaintiff's Motion for Temporary Restraining Order (ECF No. 11) be **DENIED**.

At Pensacola, Florida this 15th day of December 2021.

/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**CHIEF UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations must be filed within fourteen days of the date of the Report and Recommendation. **Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control**. An objecting party must serve a copy of the objections on all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions. *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636.**