UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

NATHANIEL O'NEAL,
    Plaintiff,

vs.                                      Case No.: 3:21cv685/LAC/ZCB

SHAUNDERRICK M. GREEN, et al.,
    Defendants.
_____/

## REPORT AND RECOMMENDATION

This is a *pro se* civil rights case filed under 42 U.S.C. § 1983. Plaintiff Nathaniel O'Neal is an inmate of the Florida Department of Corrections (FDOC) and is proceeding *in forma pauperis*.

Plaintiff's Amended Complaint (the operative pleading) names eight Defendants. (Doc. 10). Two Defendants are nurses ("Nurse Defendants") employed by a private contractor that provides medical services to FDOC inmates. (*Id*. at 2-5).[1] The remaining Defendants are correctional officers at Santa Rosa Correctional Institution. (*Id*.). Plaintiff asserts Eighth Amendment claims of medical deliberate indifference against the Nurse Defendants and claims of excessive force and failure to intervene against the FDOC Defendants. (*Id.* at 13-14).

---

[1] The Court refers to the document numbers and page numbers assigned by the Court's electronic filing system.

1

The FDOC Defendants filed answers to the Amended Complaint. (Docs. 38, 51). The Nurse Defendants filed a motion to dismiss for failure to state a claim upon which relief may be granted. (Doc. 45). Plaintiff responded in opposition to the motion to dismiss. (Doc. 50). After discovery closed, both sets of Defendants filed motions for summary judgment with supporting materials. (Doc. 66; Docs. 66-1 through 66-12; Doc. 69; Docs. 69-1 through 69-6). Plaintiff responded in opposition to both motions. (Docs. 72, 91).

This opinion addresses only the Nurse Defendants' motion to dismiss and recommends that it be denied.[2]

## I.  Discussion

A motion to dismiss for failure to state a claim is governed by Rule 12(b)(6) of the Federal Rules of Civil Procedure. Fed. R. Civ. P. 12(b)(6). Under this standard, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Pleadings filed by *pro se* parties are held to a less strict standard than

---

[2] The case was referred to the undersigned for the issuance of all preliminary orders and any recommendations regarding dispositive matters. *See* N.D. Fla. Loc. R. 72.2(C); *see also* 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b).

pleadings filed by lawyers and must be construed liberally. *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir.1998).

In prisoner cases, the Court employs the plausibility standard not only when a defendant files a motion to dismiss, but much earlier in the litigation. When a prisoner files a civil case in federal court, the Court is required to apply the plausibility standard when it performs its statutory duty of screening the complaint. *See* 28 U.S.C. § 1915A (requiring the district court to screen "as soon as practicable after docketing" complaints in civil actions in which a prisoner seeks redress from a governmental entity or office to ensure that the complaint is neither frivolous nor lacking a cognizable claim); *see also* 28 U.S.C. § 1915(e)(2) (requiring the district court to screen cases brought by plaintiffs proceeding *in forma pauperis*); *Jones v. Bock*, 549 U.S. 199, 202 (2007) (recognizing that Congress has mandated "early judicial screening of prisoner complaints"); *Alba v. Montford*, 517 F.3d 1249, 1252 (11th Cir. 2008) (holding that the standards governing dismissals under Rule 12(b)(6) apply to § 1915(e)(2)(B)(ii)).

In this case, the Court screened Plaintiff's initial Complaint and determined that it failed to state a claim for relief against one or more of the named Defendants. (Doc. 9). The Court, therefore, issued an order notifying Plaintiff of the pleading deficiencies and providing him an opportunity to correct them by filing an amended

complaint. (*Id.*). Plaintiff filed his Amended Complaint, and the Court again undertook its screening duty. The Court determined that Plaintiff's allegations in the Amended Complaint stated a plausible claim and, therefore, ordered service of the Amended Complaint. (Doc. 13).

The Court's assessment of the plausibility of Plaintiff's claims is the same now as it was then—Plaintiff's Amended Complaint, when broadly construed as it must be, is sufficient to survive a motion to dismiss. For this reason, the undersigned recommends that the Nurse Defendants' motion to dismiss be denied. The case should be permitted to proceed to the summary judgment stage where the Court can consider the viability of Plaintiff's claims on a more fully developed record.

## II.    Conclusion

For the reasons discussed above, it is respectfully **RECOMMENDED** that:

1. Defendants Wohlford and Bray's motion to dismiss (Doc. 45) be **DENIED**.

2. This case be recommitted to the undersigned for further proceedings.

At Pensacola, Florida this 5th day of August 2022.

/s/ *Zachary C. Bolitho*
Zachary C. Bolitho
United States Magistrate Judge

## **NOTICE TO THE PARTIES**

**Objections to these proposed findings and recommendations must be filed within fourteen days of the date of this Report and Recommendation.  <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control</u>.  An objecting party must serve a copy of the objections on all other parties.  A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**